**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0672n.06

No. 11-1420

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jun 22, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| THE TRUSTEES OF THE TILE, MARBLE & TERRAZZO INSURANCE TRUST FUND; TILE, MARBLE & TERRAZZO INDUSTRY PENSION FUND; TILE, MARBLE & TERRAZZO INDUSTRY DEFINED CONTRIBUTION PENSION FUND; TILE, MARBLE & TERRAZZO INDUSTRY JOINT TRAINING FUND; TILE, MARBLE & TERRAZZO LABOR MANAGEMENT FUND; and the TILE, TERRAZZO & MARBLE INDUSTRY VACATION AND HOLIDAY FUND, | ) ) ) ) ) ) ) ) ) ) | |
| | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| B & B TILE & MARBLE CO., INC.; SUBURBAN TILE, INC.; KEVIN K. BOHM, an individual; WILLIAM JAYNES II, an individual, | ) ) ) ) | |
| Defendants-Appellees. | ) ) | |

BEFORE: MOORE, ROGERS, and GRIFFIN, Circuit Judges.

ROGERS, Circuit Judge. Plaintiffs represent six trust funds established for the benefit of members of the tile, marble and terrazzo industry. The various trust funds provide fringe benefits for union employees such as insurance, pensions, joint training, labor management, and vacation pay. Defendant B&B Tile & Marble Co., Inc., is a union contractor that agreed to contribute to the trust funds under a collective bargaining agreement. Plaintiffs sued B&B Tile, alleging that it attempted

to evade this obligation by funneling business through an alter-ego company, defendant Suburban Tile, which is not subject to a trust fund requirement. Following discovery, the district court granted summary judgment for the defendants, holding that plaintiffs had not established that Suburban was an alter ego of B&B Tile.

Having studied the briefs and the record, and having had the benefit of oral argument in this case, we are not persuaded that the district court erred in granting summary judgment. Because the district court fully set forth its reasoning in its memorandum opinion of February 24, 2011, and because the issuance of another detailed opinion would have no jurisprudential value, we affirm the decision of the district court on the basis of the reasoning in the memorandum opinion.

One of plaintiffs' arguments, however, warrants a brief response. In their reply brief, plaintiffs claim that the district court misapplied the summary judgment standard by requiring proof that B&B Tile and Suburban exercised control over each other. Plaintiffs contend that the only relevant inquiry is whether B&B Tile had control of Suburban. We disagree with plaintiffs' reading of the district court's opinion, which identified and applied the proper standard. In doing so, the district court evaluated whether the owner of Suburban, defendant William Jaynes, had any management responsibility with B&B Tile. This was relevant because if Jaynes had been part of B&B Tile's management—which he was not—plaintiffs likely would have argued that Jaynes's participation weighed in favor of alter-ego liability. The district court's finding merely foreclosed that argument, and the finding is properly viewed as only one part of the totality-of-the-circumstances inquiry.

The judgment of the district court is affirmed.

**KAREN NELSON MOORE, Circuit Judge, dissenting.** I respectfully dissent because I believe that plaintiffs have shown a genuine issue of material fact regarding whether B & B Tile & Marble Co. and Suburban Tile, Inc. are alter egos under established Sixth Circuit law. *See Detroit Carpenters Fringe Benefit Funds v. Indus. Contracting Co.*, 581 F.3d 313, 317–18 (6th Cir. 2009).